UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH DEMARCO,<br><br>               Plaintiff,<br><br>   -against-<br><br>CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, BOARD OF EDUCATION OF THE CITY OF NEW YORK, JANICE ROSS, and JUSTIN DAVIS,<br><br>               Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 22-CV-7021-FB-ABL |

*Appearances:*
*For the Plaintiff:*
ANTHONY V. GENTILE
Law Office of Anthony V. Gentile
6648 Ridge Blvd.
Brooklyn, NY 11220

*For the Defendant:*
DAVID V. HOLMES
STEVEN E. SMITH
New York City Law Department
100 Church Street, Room 2-142
New York, NY 10007

**BLOCK, Senior District Judge:**

Plaintiff Joseph DeMarco ("DeMarco") brought this action against the City

of New York, New York City Department of Education ("DOE"), New York City

Board of Education ("BOE"), Janice Ross, and Justine Davis (collectively,

"Defendants") in New York state court alleging violations of 42 U.S.C. § 1983,

Title VII of the Civil Rights Act of 1964 "("Title VII"), 42 U.S.C. § 2000e *et seq.,*

New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.,*

New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 801-1 *et seq.*, and tort claims, among other allegations. The Defendants then removed the action to this Court. DeMarco then moved to remand back to state court. For the following reasons DeMarco's motion is GRANTED.

## Background

DeMarco's state court action alleges that he was wrongfully discharged as a probationary employee by the DOE. *See* State Court Notice of the Nature of the Claim, ECF No. 1-2, at 4. DeMarco alleges the decision to terminate him was discriminatorily based on his status as a white, Catholic male, and his school principal's misperception of his sexuality. *Id.* at 4–5. DeMarco served Defendants with notice of the state action on October 18, 2022. *See* Notice of Removal, ECF No. 1, at 1. The NYC, the DOE, and BOE (collectively, "Municipal Defendants") filed a notice of removal on November 16, 2022. *Id.*

On December 2, 2022, DeMarco requested a pre-motion conference in anticipation of a motion to remand. *See* ECF No. 8. In his pre-motion letter, DeMarco argued that the removal papers filed by the Municipal Defendants had not stated whether or not Ross or Davis (together, the "Individual Defendants") had consented to removal. *Id.* at 2 (citing 28 U.S.C. § 1446(b)).

In an earlier letter of November 22, 2022, submitted in contemplation of a separate motion to dismiss, the Municipal Defendants' attorney, assistant

corporation counsel, David Holmes, had stated that "[a]ll defendants consent to removal, but [the Office of Corporation Counsel] and the individual defendants have not yet had the opportunity to conduct representation interviews in accord with General Municipal Law." ECF No. 5, at 1 n.1. In a subsequent letter, Holmes added that "Defendant Davis had provided unambiguous consent via a phone conversation on or around November 14, 2022, and Defendant Ross provided unambiguous oral and written consent on or around November 16, 2022," and offered to provide supporting affidavits to this effect. ECF No. 11, at 2. DeMarco countered that these statements were inadequate to support the requirement of unanimous consent and thus removal was untimely. ECF No. 12, at 3.

## Discussion

"Any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court." 28 U.S.C. § 1441(a). There are procedural requirements, including that notice of removal be filed within 30 days of the defendants' receipt of the initial pleading or summons, 28 U.S.C. §1446(b)(1), and that "all defendants who have been properly joined and served must join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any

doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Further, "[i]t is well-established that defendants 'must independently express their consent to removal.'" *Taylor v. Medtronic, Inc.*, 14 F.4th 148, 151 (2d Cir. 2021) (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)). The Second Circuit has straightforwardly explained that a defendant may not consent to removal after the 30-day deadline for removal has lapsed. *See id.*

There is no dispute that the notice of removal filed with this Court on November 16, 2022, was brought on behalf of the Municipal Defendants and not the Individual Defendants, who are nowhere named or mentioned in the removal papers. *See* Notice of Removal, ECF No. 1. The question, then, is whether the Municipal Defendants' subsequent assertions, after the 30-day removal deadline had lapsed, suffice to establish that the Individual Defendants had provided timely consent to removal, thus satisfying the requirements of unanimity under 1446(b)(2)(A).

In *Taylor*, a case in which a "corporate sibling" of four other defendants had not joined a removal notice, the Second Circuit reversed the district court's denial of a remand motion, explaining that the "mandatory language" of § 1446(b)(1)–(2)(A) rendered the court powerless to carve out exceptions. 14 F.4th at 151-52. The Second Circuit explained that, "[a]t bottom, nothing in the statute provides a

4

court with *any* discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." *Id.* at 153 (emphasis added).

For this reason, I must grant DeMarco's motion. The removal was unambiguously undertaken only by the Municipal Defendants. The "mandatory language" in the statute straightforwardly requires each defendant to provide notice of consent within the 30-day statutory period. *See Taylor*, 15 F.4th at 151. "Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent." *Id.*

There is no question that the Court did not receive "notice of consent to removal" by November 17, 2022, i.e., 30 days after DeMarco's October 18, 2022, service. The first indication that the Individual Defendants might have consented to removal came in the Municipal Defendants' letter of November 22, 2022.

Because the Court did not receive notice of consent to removal from the Individual Defendants by the statutory deadline, the unanimity requirement of 1446(b)(2)(A) was not met and DeMarco's motion to remand must be granted. To do otherwise would contradict the Second Circuit's unambiguous directives that permitting late consent would disregard the statute's clear language, *see Taylor*, 15 F.4th at 151, and that the Court is to "construe the removal statute narrowly,

resolving any doubts against removability," *Somolyo v. J. Lu-Rob Enters., Inc.*, 923 F.2d 1043, 1046 (2d Cir. 1991).

### Conclusion

For the foregoing reasons, DeMarco's motion to remand this action is GRANTED. The Clerk of Court is directed to remand this case back to the Supreme Court of the State of New York, Nassau County.

**SO ORDERED.**

 _/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 8, 2024